## Isabel F. Clark, et al., v. Assets Realization Company.

### Gen. No. 11,255.

1.   JUDICIAL NOTICE—*of what, not taken.*   Judicial notice will not be taken of the laws of a foreign country or state, but such laws must be averred and proved like any other facts.

2.   FOREIGN LAWS—*when, may be deemed part of the record.*   Notwithstanding the fact that the party relying upon the foreign laws did not prove the same, yet they will be considered as before the court where the master who heard the cause sets forth such laws in his report, and such report was not excepted to by the prevailing party.

3.   FRANCHISE—*when, not involved for purposes of appeal.*   The fact that the defense involved the question as to whether or not the plaintiff had exceeded its charter powers, does not so involve a franchise as to deprive the Appellate Court of jurisdiction to review the case.

4.   DISCOUNT OF NOTE—*what not, within meaning of New Jersey corporation law.*   The purchase by a New Jersey corporation of the assets of a defunct building and loan association, with its own money, is not "discounting bills, notes or other evidences of debt," within the meaning of the New Jersey Corporation Act.

Foreclosure proceeding.   Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1903.   Affirmed.   Opinion filed July 12, 1904.

CARL V. WISNER, for plaintiffs in error; SIDNEY C. EASTMAN, of counsel.

S. W. SWABEY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error filed in the Superior Court a bill to foreclose a trust deed in the nature of a mortgage, given by plaintiffs in error upon certain real estate to secure their four promissory notes for $500 each, payable to the Mechanics' and Traders' Savings Loan and Building Association.   The defendant in error after the bill was filed bought another promissory note of the plaintiffs in error for $3,500, secured by their other trust deed upon the same real estate, and filed in the cause a supplemental bill to foreclose the same.   It is not claimed that plaintiffs in error have any

defense to said promissory notes or trust deeds as against the original payees or mortgagees. Their sole contention in the Superior Court and here, was and is, that the defendant in error, a New Jersey corporation, exceeded the powers conferred upon it by its charter in purchasing these notes and for that reason has no title thereto or right to maintain a suit thereon.

The decree appealed from was for the full amount of the notes.

The defendants in the Superior Court set up, first in a plea, and when the plea was overruled, in an answer, that the complainant was incorporated under the General Corporation Act of New Jersey; that the laws of that state provided that no corporation created under the General Corporation Act should possess " the powers of carrying on the business of discounting bills, notes or other evidence of indebtedness;" that by the statute of New Jersey concerning banks and banking, it was provided that no person or corporation should engage in the business of banking except in accordance with the provisions of that act and that the complainant in purchasing the notes, discounted the same, within the meaning of the New Jersey statute, and in acquiring the same was engaged in a banking business within the meaning of the New Jersey statute concerning banks and banking. The averments of the plea were traversed by a replication to the plea, and those of the answer by a replication to the answer.

There is in the record no evidence of the laws of New Jersey and it is well settled that no court will take judicial notice of the laws of a foreign country or state, but the same must be averred and proved as facts. Shannon v. Wolf, 173 Ill. 253–260. But the report of the master recites the provisions of the statutes of New Jersey set up in the plea and answer, and as the complainant filed no exceptions to the report those provisions may be regarded as in the record.

The motion of the defendant in error to dismiss the writ of error because the suit involves a franchise, viz., the right

of the defendant in error to exercise one of the powers conferred by its charter, was reserved to the hearing. We do not think that in this case a franchise is involved within the meaning of the statute governing appeals, and the motion will be denied.

A receiver was appointed for the building and loan association by the Circuit Court of Cook County, and all of its assets were sold by the receiver to the defendant in error pursuant to the order of that court. The notes for $500 each, first above mentioned, were a part of the assets of the association so bought by the defendant in error. The inventory of the assets so bought is as follows:

| | |
|---|---:|
| Real Estate | $145,794.03 |
| Real Estate Loans | 32,428.66 |
| Loans acquired in settlement | 1,700.00 |
| Real Estate Parcels | 92,316.35 |
| Balance due on real estate sold | 5,443.27 |
| Open accounts | 4,059.75 |
| Stock loans | 44,252.00 |
| | |
| Total | $325,994.06 |

For the assets so bought the defendant in error agreed to pay to the receiver a sum sufficient to enable the receiver to pay to shareholders of the association forty-five per cent of the amounts paid in by them, and to pay certain other specified claims and liabilities of the association including the costs of the receivership; $150,000 was paid to the receiver and a bond in the penal sum of $25,000 given to pay such further sum as the purchaser should be liable for. The notes were not indorsed by the receiver and he was in no way liable thereon. The $3,500 note was indorsed by the makers in blank. It was transferred to the defendant in error by delivery without further indorsement.

Each of these transactions was a purchase by the defendant in error and not a discounting of said notes. Neither of them can be regarded as " discounting bills, notes or other evidence of debt," within the inhibition of the New

Jersey statute.   Bank v. Sherburne, 14 Ill. App. 566.   " In order to bring discounting within the proper definition of a banking function, it must be done with money, in part at least that of other persons, intrusted or deposited with the discounter, so that he has the practical use and control of it as fully as if it were his own."   1 Morse on Banking, sec. 13.   There is no evidence in the record that the defendant in error was engaged in the business of banking. Webster defines banking as " The business or employment of a banker; the business of establishing a common fund for lending money, discounting notes, issuing bills, receiving deposits, etc."   The evidence shows that defendant in error was engaged in the business of buying the assets of bankrupt or insolvent corporations; that in the prosecution of its business it had bought real estate, promissory notes and other securities.   Such business is not banking.

The motion to dismiss the writ of error will be denied and the decree of the Superior Court will be affirmed.

*Affirmed.*